# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JAMES RICHARD SMITH,

Plaintiff,

vs.  CIV No. 02-214 RLP/WWD ACE

GLENNA DEAN, New Mexico State
Archeologist, individually, et al.,

Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Plaintiff's First Motion to Compel Production from Defendant Hank Goke ("Motion to Compel"), filed June 7, 2002 **[Doc. 21]** and Plaintiff's Motion to Strike Paragraphs 1, 2, 5 and Exhibit "A" of Defendant Hank Goke's Response to Plaintiff's First Motion to Compel Production from Hank Goke ("Motion to Strike"), filed July 1, 2002 **[Doc. 26]**. In his Motion to Compel, Plaintiff seeks an order requiring Defendant Hank Goke to provide complete answers to Plaintiff's interrogatories 3, 4, 6, 8, 9 and 12. Plaintiff also requests that sanctions be imposed in the form of an award of attorney's fees. In his Motion to Strike, Plaintiff seeks an order striking paragraphs 1, 2, 5 and Exhibit A from Defendant Hoke's response to Plaintiff's Motion to Compel. Defendant Goke seeks an order denying Plaintiff's motions and requests an award of attorney's fees and costs incurred in responding to Plaintiff's Motion to Strike.

*Motion to Compel*

"When the discovery sought appears relevant, [t]he party resisting discovery bears the burden of establishing lack of relevance by demonstrating that the requested discovery either does not come within the broad scope of relevance as defined under FED. R. CIV. P. 26(b)(1) or is such

marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." Pulsecard, Inc. v. Discover Card Servs., Inc., 168 F.R.D. 295, 309 (D.Kan. 1996) (citations omitted). However, "[w]hen relevancy is not apparent, it is the burden of the party seeking discovery to show the relevancy of the discovery request." Id. (citations omitted).

In Interrogatory No. 3, Plaintiff requested Defendant Goke to provide his social security number and home address. Defendant objects, stating that such information is "highly personal . . . [and] not calculated to lead to the discovery of admissible evidence." Def.'s Resp. to Mot. to Compel at 2. Defendant also contends that Plaintiff "has since agreed to not seek this information from Detective Goke." Id. Plaintiff does not specifically address Defendant's objections, nor does he dispute that he has agreed not to seek this information. Rather, Plaintiff reiterates his request that the Court "compel Defendant Goke to answer the interrogatories that are the subject of Plaintiff's Motion to Compel." Pl.'s Reply to Def.'s Resp. to Pl.'s Mot. to Compel at 2.

Federal Rule of Civil Procedure 26 requires parties to initially disclose "the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses." FED. R. CIV. P. 26(a)(1)(A). Moreover, parties are entitled to discover "the identity and location of persons having knowledge of any discoverable matter." FED. R. CIV. P. 26(b)(1). Thus, Plaintiff is entitled to discover the address of Defendant Goke. However, I fail to understand how Defendant Goke's social security number is relevant to the issues presented by this case. Accordingly, Defendant need not disclose Defendant Goke's social security number to Plaintiff.

In Interrogatory No. 4, Plaintiff seeks to obtain "the names of Mr. Goke's immediate

2

supervisor and the dates of his employment . . . [in order] to determine the liability of the sheriff's department." Pl.'s Mot. at 2. Defendant contends that he has answered Interrogatory 4 in a supplemental response. See Ex. B, Def.'s Resp. to Pl.'s Mot. to Compel. The supplemental answer appears to provide the requested information and Defendant Goke need not answer further, unless otherwise required by the rules. See FED. R. CIV. P. 26(e) (describing the circumstances under which a party is required to supplement or correct a response).

Interrogatory No. 6 seeks information regarding "any investigations that [Defendant Goke] may have been subject to." Pl.'s Mot. to Compel at 2. Defendant objects to this request, on the grounds that it is burdensome, harassing, and "not calculated to lead to the discovery of admissible evidence." Def.'s Resp. to Pl.'s Mot. to Compel at 3. Information regarding any investigation or complaint stemming from Mr. Goke's alleged involvement in the arrest of Mr. Smith is clearly relevant. Moreover, Defendant Goke does not claim any privilege, nor does he demonstrate how providing this information would be burdensome. Thus, Defendant shall provide the requested information with respect to any investigation or citizen complaint associated with Defendant Goke's involvement in the investigation, arrest, detention or prosecution of Plaintiff Smith.[1] However, I fail to see how information regarding other, unspecified investigations or complaints is relevant to the issues of this case. Thus, Defendant Goke need not provide information regarding investigations other than that set forth above.

Interrogatory No. 8 seeks information regarding persons or entities that Defendant Goke

---

[1] Defendant contends that he provided the information requested in Interrogatory No. 6 during his deposition. Accordingly, to the extent that the deposition testimony provides the required information, Defendant may respond to this interrogatory by attaching highlighted copies and/or citations to the responsive portions of Defendant Goke's deposition testimony.

contends may be responsible for any of Plaintiff's damages, "as well as an explanation of each and every fact on which such contention is based." Interrog. No. 8, attached to Pl.'s Mot. to Compel. Plaintiff is dissatisfied with the specificity of Defendant's response and complains that Defendant's answer is unresponsive. I find that Defendant's response to this interrogatory appears to provide the requested information. Moreover, Plaintiff does not dispute Defendant's assertion that Mr. Goke "testified for 4 hours on this matter." Def.'s Resp. to Pl.'s Mot. to Compel. See e.g., Lelverson v. J.J. Newberry Co., 16 F.R.D. 330, 332 (W.D. Mo. 1954) (explaining that interrogatories asking for evidentiary detail, e.g., "state exactly how you lost your footing and fell," are more properly obtained through a party's deposition). Defendant Goke need not respond further to this interrogatory, unless otherwise required by the rules. See FED. R. CIV. P. 26(e) (describing the circumstances under which a party is required to supplement or correct a response).

Interrogatory No. 9 seeks information regarding "the procedures used in [Defendant Goke's] investigation and arrest of Plaintiff." Interrog. No. 9, attached to Pl.'s Mot. to Compel. Defendant did not object to this interrogatory; however, Plaintiff contends that Defendant's answer was unresponsive. I find that Defendant's response to this interrogatory appears to provide the requested information. Thus, Defendant need not respond further to this interrogatory, unless otherwise required by the rules. See FED. R. CIV. P. 26(e) (describing the circumstances under which a party is required to supplement or correct a response).

Finally, in Interrogatory No. 12 Plaintiff seeks information regarding the factual support for Defendant Goke's conclusion that probable cause existed to file a supplemental criminal complaint against Plaintiff on August 24, 2000. Defendant responded that the supplemental

4

complaint "was filed pursuant to the investigation[s] of Glenna Dean[,] Tim Seaman . . . and Walter Jaramillo," which allegedly produced evidence "that skeletons were removed from the site" and that "backhoe work ha[d] disturbed ancient graves." Interrog. No. 12, attached to Pl.'s Mot. to Compel. Defendant also referred Plaintiff to the "Arrest Narrative and Statements of Probable Cause" purportedly provided in Defendant's Initial Disclosures. Id. I find that Defendant's response to this interrogatory appears to provide the requested information. Thus, Defendant need not respond further to this interrogatory, unless otherwise required by the rules. See FED. R. CIV. P. 26(e) (describing the circumstances under which a party is required to supplement or correct a response).

*Motion to Strike*

In his Motion to Strike, Plaintiff contends that several statements and an exhibit contained in Defendant's Response to Plaintiff's Motion to Compel are inappropriate and should be stricken. However, the issues raised in Plaintiff's Motion to Strike would have been more appropriately addressed in Plaintiff's Reply to Defendant's Response to the Motion to Compel. See also FED. R. CIV. P. 12(f) (indicating that a motion to strike is intended to challenge matter contained in a pleading). In the future, Plaintiff's counsel should consider the appropriateness of initiating a new round of briefing in order to address an issue raised in an uncompleted round of briefing. Plaintiff's Motion to Strike will be denied.

*Sanctions*

Plaintiff and Defendant have requested an award of attorney's fees for their efforts in filing and/or responding to the motions to compel and strike. Moreover, disposition of a motion to compel necessitates consideration of sanctions. With respect to the imposition of costs and

5

expenses, Federal Rule of Civil Procedure 37(a)(4)(C) provides that "the court may . . . apportion reasonable expenses incurred in relation to the motion among the parties and persons in a just manner." The Court has granted in part and overruled in part the Plaintiff's Motion to Compel and denies Plaintiff's request for an award of attorney's fees. The Court also declines to grant Defendant's request for an award of attorney's fees with respect to Plaintiff's Motion to Strike. In this instance, justice requires that each party be responsible for its own costs and expenses incurred upon these two motions.

WHEREFORE,

**IT IS ORDERED** that Plaintiff's First Motion to Compel Production from Defendant Hank Goke **[Doc. 21]** is GRANTED IN PART consistent with the directives set forth in this opinion.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike Paragraphs 1, 2, 5 and Exhibit "A" of Defendant Hank Goke's Response to Plaintiff's First Motion to Compel Production from Hank Goke **[Doc. 26]** is DENIED.

**IT IS FINALLY ORDERED** that Plaintiff's and Defendant's requests for sanctions, attorney's fees and costs are DENIED.

_____
UNITED STATES MAGISTRATE JUDGE